IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC L. JOHNSON

    Plaintiff,

v.                                                            No. 15-CV-00176 MV/KK
                                                         No. 03-CR-00477 MV-1

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [CR Doc. 293; CV Doc. 1] and Motion for Court to Make a Record [CR. Doc. 294; CV Doc. 2], both of which were filed on February 27, 2015. For the following reasons, the Court will dismiss Petitioner's motions.

       Petitioner pleaded guilty to possession of a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and the Court entered judgment on Petitioner's conviction on January 26, 2009. [CR Doc. 224] Petitioner appealed and on April 27, 2010, the Tenth Circuit Court of Appeals affirmed the judgment. [CR Doc. 256] On January 12, 2011, Petitioner timely filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which raised six ineffective assistance of

1

counsel claims, three prosecutorial misconduct claims, and a claim that the District Court erred in not allowing him to withdraw his plea. [CR Doc. 257] On October 17, 2012, the Court denied Petitioner's motion on the merits. [CR Doc. 270] Petitioner appealed and on July 12, 2013, the Tenth Circuit Court of Appeals denied the Petitioner's request for a certificate of appealability and dismissed the appeal. [CR Doc. 278]

On November 6, 2013, Petitioner filed a "Motion for Immediate Release," which the Court treated as a second or successive habeas petition because the motion challenged the disposition of Petitioner's prior habeas petition and was inextricably tied to the merits of the disposition of the prior habeas petition. [CR Docs. 279, 280] The Court noted that "before a defendant may file or prosecute a second or successive petition, an order authorizing the filing must be issued by the appropriate court of appeals." [CR Doc. 280 at 3 (citing 28 U.S.C. § 2255(h)] Because Petitioner's second habeas petition was not accompanied by an authorizing order, and because the Court did not find that it was in the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals, the Court dismissed Petitioner's second habeas petition for lack of jurisdiction. [*Id.*]

Thereafter, Petitioner filed a motion in the Tenth Circuit Court of Appeals, seeking permission to file a second or successive habeas petition under 28 U.S.C. § 2255. [CR Doc. 281] The Tenth Circuit Court of Appeals denied Petitioner's motion because it did not rely on newly discovered evidence or a new rule of constitutional law. [CR Doc. 282] *See* 28 U.S.C. § 2255(h).

On August 1, 2014, Petitioner filed a "Subsequent Motion Invoking the Power of U.S.C. 2255(f)(4)," which the Court treated as a second or successive habeas petition.

[CR Docs. 283, 284]  Because the Petitioner did not make a viable claim of newly discovered evidence, and because the Court of Appeals had already denied Petitioner authorization to file his § 2255 habeas petition, the Court dismissed the motion for lack of jurisdiction.  [Doc. 284]  Petitioner appealed and on February 26, 2015, the Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and dismissed the appeal.  [CR Doc. 295]

Thereafter, Petitioner filed the present § 2255 habeas petition.  [CR Doc. 293; CV Doc. 1]  Petitioner seeks to vacate or set aside his conviction because he is actually innocent of the crime to which he pleaded guilty and his guilty plea was unintelligent and unknowing.  Petitioner relies on new evidence, namely an affidavit submitted by Billie Rae Bennett, which provides as follows:

> I, Billie Rae Bennett, do hereby declare that the following information is a true and accurate account concerning the events that took place on December 2002.  I rented a car from Hertz Rental Company for transportation because I was without a car.  On the evening of January 3, 2003, I received a call from Eric Johnson asking me if I could pick him up at a location in Moreno Valley because he had a family emergency and had to go to Alabama.  His Grandmother had just passed away and Mr. Johnson asked me if I would drive him to Alabama.  I told him I had to work and couldn't drive him, but I would let him borrow the rental car if he had a driver who had a valid driver's license.  By the time we reached the house where I was staying at he had a female waiting and willing to drive with him to Alabama.  I took my belongings out of the car, gave him the keys, and they left.  A few days prior to Mr. Johnson and his friend borrowing my rental car, Darren Elliott, a man that I was seeing at the time asked me to hold something for him for a couple days.  It was 4 bundles of marijuana that was in clear plastic and wrapped in duct tape.  Mr. Elliott put it inside a tire so that it would be hidden and then put the tire in the trunk.  I had forgotten all

>about it being in the trunk until after Mr. Johnson had left. Eric was not aware of what was in the trunk. I wanted to call Mr. Johnson to tell him, but Darren Elliott had threatened me and said I had better not say anything to anyone. I was frightened, I had never seen him act that way. Needless to say the next time I heard from Mr. Johnson, he had been arrested. I have felt bad all these years knowing what the truth was and not being able to say anything about it because I felt so threatened. I am having health issues now I'm not sure what direction or battles I myself will have to face and want to get this off of my conscience.

[CR Doc. 293 at 14; CV Doc. 1 at 14] Petitioner also filed a Motion for Court to Make a Record [CR Doc. 294; CV Doc. 2], asking the Court to record that he had "revealed 2255 application and all attachments to several inmates to comply with customary practices." [*Id.*]

This is Petitioner's fourth habeas petition under 28 U.S.C. § 2255. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A district court may, however, "transfer the matter to [the Tenth Circuit Court of Appeals] if it determines it is in the interest of justice to do so under § 1631." *Id.* at 1252; *see* 28 U.S.C. § 1631.

>Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

4

Turning to the first factor, whether Petitioner's claims would be time barred if filed anew in the proper forum, the Court notes that § 2255(f) provides for a one year statute of limitation, which begins to run, in relevant part, on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Although Petitioner alleges that Ms. Bennett "never came forward with known facts," [Doc. 1 at 4] this allegation is insufficient to demonstrate "that he was unable to discover the basis for his claim" at an earlier point in time. *See United States v. Rauch*, 520 Fed. App'x 656, 657-58 (10th Cir. 2013) (finding a petition untimely under § 2255(f)(4) because the petitioner "fail[ed] to explain what, if anything, prevented him from discovering his claim") (unpublished opinion). Petitioner knew at the time of his arrest and conviction that Ms. Bennett had rented the car in which he was stopped. Petitioner has not alleged that he previously sought information from Ms. Bennett and that she affirmatively misrepresented, either to him or to his attorney, her knowledge regarding the bags of marijuana found in the trunk of the rental car. Because Petitioner has not attempted to explain why he could not have discovered this evidence at an earlier date through diligent efforts, the Court concludes that this factor weighs in favor of dismissal.

Nonetheless, the court recognizes that under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327

5

(1995); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying the *Schlup* standard to a federal prisoner's § 2255 habeas petition). "In cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must extend to those charges." *Bousley*, 523 U.S at 624; *see also United States v. Powell*, 159 F.3d 500, 502-04 (10th Cir. 1998) (affirming the denial of a § 2255 petition because the petitioner had failed to establish that he was actually innocent of one of the other crimes with which he had been charged).

Petitioner was charged in a three-count Indictment with the following crimes: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with the intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and (3) possession of a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). [CR Doc. 2] Petitioner entered into a plea agreement, whereby he agreed to plead guilty to count 3 of the Indictment in exchange for the dismissal of the first two counts of the Indictment. [CR. Docs. 147, 223, 224, 251]

At the plea colloquy, the Government set forth the factual basis for the crimes charged in the Indictment. The facts revealed that, on the morning of January 4, 2003, Petitioner was driving a car rented by Ms. Bennett, when he was pulled over for speeding by New Mexico State Police Officer Nick Ramos. [Doc. 251 at 15-19] Camesha Taylor was a passenger in the vehicle. [*Id.*] During the course of the stop, Officer Ramos discovered that Petitioner had "a criminal history, which showed multiple arrests and several convictions for felony crimes." [*Id.* at 17]

>Officer Ramos asked the female passenger, Camesha Taylor, for consent to search, and she granted it. Shortly thereafter, Mr. Johnson asked for his jacket from the rental vehicle. Officer Ramos went back to Camesha Taylor, asked her for the jacket, and when this leather jacket was handed to the officer by the passenger, Ms. Taylor, the officer noticed it was quite heavy.
>
>He did a pat search on the jacket and felt a handgun inside one of the pockets. At that point, Mr. Johnson was placed under arrest, since he was a convicted felon and was found in possession of the firearm.
>
>The firearm . . . was identified as a High Point Model C .9 millimeter semiautomatic pistol . . . .
>
>Shortly thereafter, State Police Officer Rudy Mora arrived on the scene with his canine to perform a dog search of the vehicle. The dog, by the name of Chica, reacted positively to a spare tire in the trunk, and after a short search, Officer Ramos and Officer Mora found four packages of marijuana with a combined gross weight of 6.9 pounds.
>
>After laboratory testing, it was revealed that the marijuana had a net weight of 1679.4 grams and indeed tested positive for the presence of marijuana.
>
>Finally, . . . the government would prove that Mr. Johnson does have convictions, including a conviction named in the indictment for perjury in the Superior Court of Los Angeles County, State of California, Cause Number TA-036891. The conviction was for perjury.
>
>He also has a conviction for felon in possession of a firearm in the Superior Court of Los Angeles County, entered December 2, 1997, Cause Number YA-033241.

[*Id.* at 18-19] At sentencing, Petitioner accepted responsibility for his crimes, admitting that he "did it," he "carried a firearm." [CR Doc. 246 at 23] Petitioner further admitted that he knew he had a gun in the car when he was stopped. [*Id.* at 23-24]

7

Petitioner's showing of actual innocence fails to extend to count 1 of the Indictment, which charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Therefore, the Court concludes that the doctrine of equitable tolling is inapplicable to his habeas petition.  The Court further concludes that Petitioner's habeas petition is unlikely to have merit.

Lastly, the Court will consider whether Petitioner's habeas petition was filed in good faith.  A habeas petition is not filed in good faith if the petitioner is aware that he "must first obtain circuit-court authorization before filing a second or successive habeas claim in district court," but nonetheless files in the district court without first obtaining the requisite authorization under § 2255(h).  *In re Cline*, 531 F.3d at 1252; *see also United States v. Bradford*, 552 Fed. App'x 821, 823 (10th Cir. 2014) (noting that when "a party is aware or should be aware that her unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith")  (unpublished opinion).  Petitioner has been informed multiple times that he must obtain authorization from the Tenth Circuit Court of Appeals before filing a second or successive habeas petition under § 2255.  [CR Docs. 280, 283]  Indeed, Petitioner is well aware of this requirement, since he has previously filed a motion in the Tenth Circuit Court of Appeals seeking permission to file a second or successive habeas petition under § 2255.  [CR Doc. 281]  As such, the Court concludes that the present habeas petition was not filed in good faith.

Based on the foregoing factors, the Court determines that a transfer to the Tenth Circuit Court of Appeals is not in interest of justice.  Therefore, Petitioner's fourth habeas

petition will be dismissed for lack of jurisdiction. Likewise, Petitioner's Motion for Court to Make a Record [CR. Doc. 294; CV Doc. 2] will be dismissed. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will deny a certificate of appealability.

    IT IS THEREFORE ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [CR Doc. 293; CV Doc. 1] is DISMISSED;

    IT IS FURTHER ORDERED that Petitioner's Motion for Court to Make a Record [CR. Doc. 294; CV Doc. 2] is DISMISSED;

    IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE