**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ERIC LAMONT JOHNSON,

    Plaintiff-Petitioner,

                                                         No. CV 16-00548 MV/CG

v.                                                             No. CR 03-00477 MV

UNITED STATES OF AMERICA,

    Defendant-Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Eric Lamont Johnson's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 1, CR Doc. 314), filed June 9, 2016; Petitioner's *Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence*, (CV Doc. 9), filed August 16, 2016; Respondent United States' *Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence and Motion for a Stay of Proceedings until the Supreme Court issues its opinion in* Beckles v. United States, (CV Doc. 12), filed August 31, 2016; Petitioner's *Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence and Response to Motion for a Stay of Proceedings*, (CV Doc. 15), filed September 19, 2016; and Petitioner's *Notice of Supplemental Authority*, (CV Doc. 18), filed November 3, 2016.[1] United States District Judge Martha Vazquez referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 11). Having considered the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **GRANTED**, that his sentence be **VACATED**, and that he be **RESENTENCED**.

---

[1] Documents referenced as "CV Doc.__" are from case number 16-cv-548-MV-CG. Documents referenced as "CR Doc.__" are from case number 03-cr-477-MV.

I.      **Background**

On October 21, 2004, Petitioner pleaded guilty to possessing a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 144). Pursuant to a plea agreement, Respondent stipulated that Petitioner should have been sentenced to 60 months, the statutory minimum. (CR Doc. 147 at 6); *see* § 924(c)(1)(A)(i). This was not binding on the sentencing court. In December, 2008, the sentencing court found that Petitioner's previous convictions for voluntary manslaughter and being a prisoner in possession of a weapon qualified as "crimes of violence" under the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") § 4B1.1. (CR Doc. 246 at 32-33). Specifically, the sentencing court held that being a prisoner in possession of a weapon qualified as a crime of violence under the residual clause in § 4B1.2(a)(2), which defined a crime of violence in part as any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." (CR Doc. 235 at 3); U.S.S.G. § 4B1.2(a)(2) (2008). Based on his convictions for crimes of violence, Petitioner qualified as a career offender, with a Guidelines sentence range of 360 months to life imprisonment. (*See* CR Doc. 246 at 7, 10, 29, 32-33). Ultimately, Petitioner received points for acceptance of responsibility, reducing the Guidelines range to 262-327 months, and the sentencing court departed downward, sentencing Petitioner to 180 months. (*Id.* at 37, 40).

On June 9, 2016, Petitioner filed the instant Motion under 28 U.S.C. § 2255. Petitioner argues that following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), § 4B1.2(a)(2) is unconstitutionally vague; therefore he is entitled to resentencing without being considered a career offender. (CV Doc. 1 at 4-5, 12).

Petitioner argues that *Johnson* applies retroactively to cases that were final before *Johnson* was decided, including cases where defendants are collaterally challenging their sentences. (CV Docs. 9 at 4-5; 15 at 1-6).

Respondent counters that *Johnson*, which did not discuss § 4B1.2(a)(2), is inapplicable in this case. (CV Doc. 12 at 2-4). Respondent argues that applying *Johnson* to § 4B1.2(a)(2) would result in a procedural rule without retroactive effect. (CV Doc. 12 at 4-10).

In the alternative, Respondent asks the Court to stay this case pending resolution of *Beckles v. United States*, No. 15-8544 (U.S. filed August 11, 2016). Because Petitioner could be eligible for release if the Court decides in his favor, the Court declines to stay this case. *See U.S. v. Miller*, No. 16-8080 (10th Cir. Nov. 2, 2016) (requiring district court to consider the merits of a § 2255 petition because Petitioner could be released following ruling in his favor), *U.S. v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (same).

**II. Analysis**

    a. *Legal Standard*

28 U.S.C. § 2255 provides that federal prisoners may challenge their sentences if they claim: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). If the court finds that a sentence infringed the prisoner's constitutional rights and is subject to collateral review, the court

must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

> b. *Whether* Johnson *is retroactively effective on collateral review*

The primary issue before the Court is whether the ruling in *Johnson* as applied to § 4B1.2(a)(2) is retroactively applicable on collateral review. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defined a "crime of violence," in part, as any crime that "involves conduct that presents a serious potential risk of physical injury to another." 28 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court concluded that this part of the definition, known as the residual clause, is unconstitutionally vague because it "denies fair notice to defendants" about what conduct violates the clause, and the clause "invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. As such, "imposing an increased sentence under the residual clause" of the ACCA is unconstitutional. *Id.* at 2563.

Following *Johnson*, prisoners convicted under the ACCA's residual clause challenged their already-final sentences in collateral proceedings. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applied retroactively to cases on collateral review. First, the Supreme Court noted that a new rule applies retroactively only if the rule is a substantive rule or a watershed procedural rule. *Id.* at 1264. The Supreme Court reasoned that *Johnson* "changed the substantive reach of [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353). After *Johnson* struck down the ACCA's residual clause,

"the same person engaging in the same conduct is no longer subject to the [ACCA] and faces at most 10 years in prison," rather than 15 years to life. *Id.* The Supreme Court further reasoned that the *Johnson* ruling could not be procedural because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Id.* Unlike procedural rules, "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.* Therefore, the holding in *Johnson* was a substantive rule that applied retroactively on collateral review. *Id.*

Also following *Johnson*, defendants challenged the constitutionality of other, similarly worded residual clauses. In *Madrid v. United States*, the Tenth Circuit Court of Appeals extended the ruling in *Johnson* to the identical residual clause in § 4B1.2(a)(2). 805 F.3d 1204, 1210-11 (2015); *compare* U.S.S.G. § 4B1.2(a)(2) (2014) (a "crime of violence" includes one that "otherwise involves conduct that presents a serious potential risk of physical injury to another") *with* 18 U.S.C. § 924(e)(2)(B)(ii) (a "crime of violence" includes one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Tenth Circuit noted "[i]f one iteration of the clause is unconstitutionally vague, so too is the other," given their similarity. *Id.* at 1210. The Tenth Circuit so held even though the Guidelines are advisory, rather than statutory like the ACCA. *Id.* at 1211. The Tenth Circuit reasoned that the Guidelines are "a mandatory starting point" for sentencing and a district court may be "reversed for failing to correctly apply them." *Id.* Therefore, the holding in *Johnson* applied to both the ACCA and the Guidelines.

The defendant in *Madrid* appealed his sentence following a conviction for a drug crime. Similar to Petitioner, his sentence was enhanced under the Guidelines due to prior convictions for crimes of violence as defined by the residual clause in § 4B1.2(a)(2). *Id.* at 1207-08. However, unlike Petitioner, the defendant in *Madrid* directly appealed his sentence. *Id.* at 1206. Here, Petitioner has attacked his already-final sentence through a § 2255 petition–a collateral proceeding. Although *Welch* clearly held that *Johnson* is a substantive rule retroactively effective on collateral challenges to the ACCA, there is no analogue case for *Madrid* and § 4B1.2(a)(2). The question remains, and is now presented here, whether extending J*ohnson* (and *Madrid*) to the residual clause in § 4B1.2(a)(2) is also a substantive rule that is retroactively applicable on collateral review.

Generally, "new constitutional rules of criminal procedure" do not apply to cases that were final before the rule was announced. *Teague v. Lane*, 489 U.S. 288, 310 (1989). Two types of new rules, however, apply retroactively on collateral review: "substantive" rules, *Schriro v. Summerlin*, 542 U.S. 348 (2004), and "watershed rules of criminal procedure," *Saffle v. Parks*, 494 U.S. 484 (1990). A substantive rule "alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 351-352, 353 (citation omitted). Substantive rules accomplish this by "narrow[ing] the scope of a criminal statute by interpreting its terms" or "plac[ing] particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* Substantive rules "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* (quoting *Bousley v. United*

6

*States*, 523 U.S. 614, 620 (1998)); *see Saffle*, 494 U.S. at 495 (proposed rule not substantive because it "would neither decriminalize a class of conduct nor prohibit the imposition of capital punishment on a particular class of persons").

Procedural rules, on the other hand, "regulate only the *manner of determining* the defendant's culpability." *Schriro*, 542 U.S. at 353 (emphasis in original). Procedural rules "merely raise the possibility that someone convicted with the use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352. Procedural rules are not normally applied retroactively. *Id.* Retroactivity is conferred only to "watershed" procedural rules, i.e. those rules "implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, 494 U.S. at 495. The Supreme Court often cites *Gideon v. Wainwright*, 372 U.S. 335 (1963), which held that criminal defendants have the constitutional right to counsel at trial for serious offenses, as an example of a watershed procedural rule. *Id.* Recently, the Supreme Court cautioned against "conflat[ing] a procedural requirement necessary to implement a substantive guarantee" with a regular procedural rule. *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016).

Following these general rules, and in light of *Johnson*, *Welch*, and *Madrid*, applying *Johnson* to § 4B1.2(a)(2) announces a new substantive rule that must be effective retroactively on collateral review. The *Johnson* Court squarely held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As the Court recognized in *Welch*, *Johnson* "alter[ed] the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 351-352, 353 (citation omitted)). *Johnson* narrowed the scope of the ACCA by eliminating the

7

residual clause, thereby "plac[ing] particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351-352, 353 (citation omitted).

That same logic applies with equal force to § 4B1.2(a)(2). *Madrid* held that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague. *Madrid*, 805 F.3d at 1211. Therefore, increasing a sentence under the residual clause of § 4B1.2(a)(2) also violates the United States Constitution's guarantee of due process. *See Johnson*, 135 S. Ct. at 2563. Finding § 4B1.2(a)(2) residual clause is unconstitutionally vague narrows the scope of the Guidelines by limiting the crimes that may be deemed "crimes of violence." This limits the sentencing court's ability to increase a sentence based on a career offender enhancement that is itself founded on residual clause crimes of violence. Extending *Johnson* to § 4B1.2(a)(2) "alters the range of conduct or the class of persons that the [Guidelines] punish[]" through a career offender enhancement. *Schriro*, 542 U.S. at 351-352, 353 (citation omitted). Therefore, applying the holding of *Johnson* to § 4B1.2(a)(2) announces a substantive rule that must be given retroactive effect on collateral review, including in this case.

Respondent argues that applying *Johnson* to the Guidelines would create a procedural rule because the Guidelines do not trigger mandatory minimums like the ACCA does. (CV Doc. 12 at 7). Respondent further argues that although miscalculation of the Guidelines range may be procedural error, it "is not illegal or unlawful as in a case" under the ACCA. (*Id.*). Finally, Respondent insists that a judge's authority to vary from the Guidelines means a sentencing enhancement is a mere procedural step. (*Id.* at 8-9).

The Tenth Circuit did not change its analysis in *Madrid* because the Guidelines are advisory, and that does not change the Court's analysis here. The Guidelines may be "illegal or unlawful" by being unconstitutionally vague, just as the ACCA was. *Madrid*, 805 F.3d at 1211. Further, they remain "the mandatory starting point for a sentencing determination," and a district court may be reversed for incorrectly applying them. *Id.* Thus, the Guidelines are very much a mandatory part of sentencing.

Further, Respondent commits the error the Supreme Court cautioned against in *Montgomery* by "conflat[ing] a procedural requirement necessary to implement a substantive guarantee" with a regular procedural rule. *Montgomery*, 136 S. Ct. at 734. Respondent argues that because miscalculation of a sentence is procedural, *Johnson*, as applied to § 4B1.2(a)(2), is procedural as well. (CV Doc. 12 at 7-8). However, *Welch* affirmed *Johnson*'s holding as a substantive rule. *Welch*, 136 S. Ct. at 1265. *Johnson* therefore created a substantive guarantee that a defendant may not have their sentenced increased through the use of a residual clause. *See Johnson*, 135 S. Ct. at 2563; *see also Golicov v. Lynch*, No. 16-9530, 2016 WL 4988012 (10th Cir. Sept. 19, 2016) (holding that the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague under *Johnson*), *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) (holding that the residual clause in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague under *Johnson*). Although a sentencing court utilizes § 4B1.2(a)(2) as part of the procedure of sentencing, that process does not transform *Johnson*'s constitutional, substantive guarantee into a procedural rule.

### c. *Whether Petitioner's sentence violated his constitutional rights*

Having determined that *Johnson* applies to § 4B1.2(a)(2) retroactively and on collateral review, the final issue before the Court is whether Petitioner's sentence was increased in reliance on the residual clause in § 4B1.2(a)(2). If Petitioner's sentence was enhanced in reliance on the residual clause, Petitioner's sentence would violate his constitutional rights under *Johnson* and *Madrid* and Petitioner would be entitled to relief under § 2255(b). Petitioner contends that his sentence was enhanced because the sentencing court expressly relied on § 4B1.2(a)(2) in determining that being a prisoner in possession of a weapon is a crime of violence. (CV Doc. 9 at 5-6). Respondent did not argue that Petitioner's conviction for being a prisoner in possession of a weapon qualified as a crime of violence other than under the residual clause. Respondent only argued that Petitioner's sentence was lawful because *Johnson* does not apply in this case. (*See* CV Doc. 12). Nonetheless, the Court will review the record to determine whether Petitioner's sentence did in fact violate his constitutional rights.

At the sentencing hearing, the sentencing court found that Petitioner qualified as a career offender, in part because Petitioner had at least two prior convictions for crimes of violence, including being a prisoner in possession of a weapon. (*See* CR Doc. 236 at 32-33). Upon a motion for reconsideration, the sentencing court explicitly held that being a prisoner in possession of a weapon qualified as a crime of violence under the residual clause in § 4B1.2(a)(2). (CR Doc. 235 at 4). Because Petitioner qualified as a career offender, his base sentence increased from 60 months to 360 months to life. (CR Doc. 236 at 33-34).

Although Petitioner was eventually sentenced to only 180 months, the Court finds that Petitioner's sentence was enhanced because of the sentencing court's reliance on § 4B1.2(a)(2). The sentencing court expressly relied on the now-unconstitutional residual clause in determining that Petitioner was a career offender, which significantly increased Petitioner's base sentence. Without the residual clause in § 4B1.2(a)(2), Petitioner faced a 60 month sentence, which is what Respondent stipulated to, rather than 180 months or longer. The Court notes that the sentencing court discussed the reasons for Petitioner's sentence in detail and at length. (*See* CR Doc. 246 at 34-40). Nonetheless, following *Madrid*, the "residual clause [in 4B1.2(a)(2)] is unconstitutionally vague, and cannot be used to justify the enhancement" of Petitioner's sentence. *Madrid*, 805 F.3d at 1210. Thus, Petitioner's sentence violates Petitioner's constitutional rights and Petitioner is entitled to relief under § 2255(b).

### III.     Conclusion

For the foregoing reasons, the Court finds that *Johnson* announced a new, substantive rule that applies retroactively on collateral review to § 4B1.2(a)(2). Petitioner was unconstitutionally sentenced in explicit reliance on § 4B1.2(a)(2), and Respondent did not argue that Petitioner's predicate crimes qualified as a crime of violence under any other clause.

**IT IS THEREFORE RECOMMENDED** that Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* be **GRANTED**, that his sentence be **VACATED**, and that Petitioner be **RESENTENCED** without relying on the residual clause in § 4B1.2(a)(2) to increase his sentence.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*[signature]*

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE