# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ERIC LAMONT JOHNSON,

    Defendant-Petitioner,

v.

No. CV 16-00548 MV/CG
No. CR 03-00477 MV

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (CV Doc. 30), filed June 27, 2017; Petitioner Eric Lamont Johnson's *Objections to Magistrate PF&RD* (the "Objections"), (CV Doc. 32), filed July 10, 2017; Petitioner's *Writ of Mandamus* (the "Petition"), (CV Doc. 34), filed June 30, 2017; and Petitioner's *Motion to Supplement* (the "Supplement"), (CV Doc. 35), filed July 10, 2017.[1] In the PFRD, Judge Garza construed Petitioner's *Motion to Amend* (the "Motion"), (CV Doc. 26), filed May 1, 2017, as a motion to reconsider under Fed. R. Civ. P. Rule 59(e) and recommended denying the Motion. (CV Doc. 30 at 2-4).

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 30 at 4). Petitioner responded by filing his Objections, the Writ, and the Supplement. Respondent did not object or respond to any of Petitioner's filings. After a *de novo* review of the record and the PFRD, the Court will adopt the Magistrate Judge's PFRD, overrule Petitioner's Objections, and deny Petitioner's Motion.

---

[1] Documents referenced as "CV Doc. ____" are from case number CV 16-00548 MV/CG. Documents referenced as "CR Doc. ____" are from case number CR 03-00477 MV.

**I.     Background**

On October 21, 2004, Petitioner pled guilty to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 144). Petitioner qualified as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") based on prior convictions for crimes of violence. (CR Doc. 235 at 3). Specifically, the Court found Petitioner's convictions for voluntary manslaughter and being a prisoner in possession of a weapon qualified as crimes of violence under the residual clause in Guidelines § 4B1.2(a)(2), which defined a crime of violence as any crime that "involves conduct that presents a serious potential risk of physical injury to another." (CR Doc. 235 at 3); U.S.S.G. § 4B1.2(a)(2) (2008). Because of Petitioner's career offender status, his Guideline sentence range was 360 months to life imprisonment. (CR Doc. 246 at 7, 10, 29, 32-33). Ultimately, Petitioner received a 180 month sentence. (CR Doc. 246 at 37, 40).

On June 9, 2016, Petitioner filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion under § 2255"), (CV Doc. 1), arguing he was unconstitutionally sentenced following the Supreme Court of the United States' ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 9 at 3-5). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and may not be used to increase a defendant's sentence. 135 S. Ct. at 2557. Petitioner argued that, under *Johnson*, the residual clause in the Guidelines was also unconstitutionally vague; therefore, he argued, his sentence is unconstitutional. (CV Doc. 9 at 8).

On March 6, 2017, the Supreme Court of the United States decided *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the Guidelines are not subject to vagueness challenges and that the residual clause in § 4B1.2 is not unconstitutionally vague. 137 S. Ct. at 891-92. Specifically, the Court reasoned that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* at 894. Thus, *Johnson* is inapplicable to the Guidelines. *Id.* at 892 n.2. Accordingly, on April 27, 2017, the Court denied Petitioner's Motion under § 2255. (CV Doc. 24).

Four days after the Court entered judgment, Petitioner filed the instant Motion. (CV Doc. 26). In the Motion, Petitioner states he wishes to amend the pleadings to reflect the Supreme Court's ruling in *Mathis v. United States*, 136 S. Ct. 2243 (2016). (CV Doc. 26 at 2). Petitioner argues that because the ACCA and Guidelines should be interpreted similarly, his convictions for being a prisoner in possession of a weapon are no longer crimes of violence. *Id.* at 2-3. Petitioner "continues to contend that he is actually innocent of the career offender application." *Id.* at 2.

Because Petitioner did not seek to amend his Motion under § 2255, and given how soon after judgment Petitioner filed the Motion, the Magistrate Judge construed Petitioner's Motion as a motion for reconsideration under Fed. R. Civ. P. Rule 59(e). (CV Doc. 30 at 2-3). The Magistrate Judge explained that motions to reconsider are typically granted on three grounds: (1) to account for an intervening change in controlling law; (2) to consider new, previously unavailable evidence; and (3) to correct clear error or manifest injustice. (CV Doc. 30 at 3). The Magistrate Judge found the

*Mathis* decision did not fit into any of these three categories; therefore she recommended Petitioner's Motion be denied. *Id.* at 4.

Three days after the PFRD was filed, Petitioner filed a petition for a writ of mandamus. (CV Doc. 34). In the Petition, Petitioner argues his prior conviction for voluntary manslaughter in California is not a crime of violence. (CV Doc. 34 at 2); *see* (CR Doc. 246 at 12; 32-33). Petitioner references his Motion and states he has no alternative for relief except a writ of mandamus. (CV Doc. 34 at 3).

Petitioner then timely objected to the PFRD. (CV Doc. 32). Petitioner reiterated that his underlying claim is based on *Johnson* and *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Supreme Court held *Johnson* applied retroactively to cases on collateral review. (CV Doc. 32 at 2). Further, Petitioner argues his case is distinguishable from *Beckles* because in *Beckles*, the defendant's crime of violence was listed as a crime of violence in the Guidelines' commentary. *Id.* at 2-3; *see Beckles*, 137 S. Ct. at 891. Petitioner again claims that the analysis of whether a crime is a crime of violence is the same under the ACCA and Guidelines; therefore he is not a career offender. (CV Doc. 5-7).

Finally, Petitioner filed a *Motion to Supplement* his Motion. (CV Doc. 35 at 1). In this Supplement, Petitioner represents that his Motion alleges ineffective assistance of counsel that resulted in him being illegally sentenced as a career offender, and that he wishes to supplement the Motion with more authority. *Id.* at 1. Petitioner argues a meritorious claim of ineffective assistance of counsel overcomes a procedural bar. *Id.* at 2 (citing *U.S. v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004)). Finally, Petitioner cites *Quijada-Aguilar v. Lynch*, 799 F.3d 1303 (9th Cir. 2015), for the proposition that

4

California voluntary manslaughter is not categorically a crime of violence. *Id.* at 3. The Court considers the Objections, Petition, and Supplement collectively as Petitioner's objections to the Magistrate Judge's PFRD.

## II.     Analysis

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v.*

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

5

*Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. Liberally construed, Petitioner argues that the Court misapprehended the controlling law and that his sentence is clearly erroneous and manifestly unjust.[3]

In his objections, Petitioner maintains that because analysis of whether a crime is a crime of violence is the same under the ACCA and the Guidelines, both residual clauses must be void for vagueness; therefore he is no longer a career offender following *Johnson*. Although Petitioner is correct that the residual clauses in the ACCA and Guidelines were "consistently interpreted identically," *United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011), that similarity did not extend to whether they are both void for vagueness. In *Johnson*, the Supreme Court held that the residual clause in the ACCA was void for vagueness and cannot be used to impose an increased sentence. 135 S. Ct. at 2557. But in *Beckles*, the Supreme Court held that the residual clause in the Guidelines is not void for vagueness, therefore it may be used to impose an enhanced sentence. 137 S. Ct. at 895. Petitioner was sentenced in reliance on the residual clause in the Guidelines, not the ACCA. *See* (CR Doc. 235). Thus, because

---

[3] Because Petitioner proceeds *pro se*, the Court must liberally construe his pleadings. *Northington v. Jackson*, 973 F.3d 1518, 1520-21 (10th Cir. 1992); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner was sentenced in reliance on the Guidelines' residual clause, which is not unconstitutionally vague, he may still be classified as a career offender and his sentence is not unconstitutional.

Petitioner's subsequent citations to *Mathis* and *Welch* (which were both decided before *Beckles*) do not change the controlling law or show that the Court misapprehended the law. In *Mathis*, the Supreme Court clarified the difference between "elements" and "means" while conducting the categorical analysis and held that burglary in Iowa does not fit the generic federal definition of "burglary." 136 S. Ct. at 2251-54, 2256-57. *Mathis* did not discuss the Guidelines or the residual clause in § 4B1.2. In *Welch*, the Supreme Court held that *Johnson* announced a substantive rule and was therefore retroactively applicable to cases on collateral review. 136 S. Ct. 1264-65. However, *Johnson* does not apply to the Guidelines. *Beckles*, 137 S. Ct. at 895. Thus, Petitioner has not established that the Court misapprehended the law, that there has been an intervening change in controlling law, or that his sentence is erroneous or unjust. Accordingly, Petitioner is not entitled to reconsideration.

To the extent Petitioner raises new theories in his objections to the PFRD, Petitioner has waived those arguments. Liberally construed, Petitioner argues that voluntary manslaughter in California is not a crime of violence because it may be committed with reckless intent; that his case is distinguishable from *Beckles* because being a prisoner in possession of a weapon was not listed in the Commentary to the Guidelines; and that he received ineffective assistance of counsel. *See* (CV Docs. 32, 34, 35). Petitioner did not previously argue these grounds, either in his Motion to Amend or underlying Motion under § 2255; consequently, Petitioner waived these arguments.

7

*Garfinkle*, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Moreover, Petitioner is not entitled to relief on his new theories. First, Petitioner is correct that the Ninth Circuit has held that California voluntary manslaughter is not a crime of violence because it may be committed with reckless intent. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1306-07 (9th Cir. 2015). However, the Tenth Circuit held that crimes of violence may be committed with reckless intent. *See U.S. v. Hammons*, 862 F.3d 1052 (10th Cir. 2017); *U.S. v. Pam*, No. 16-2171, __ F.3d __, 2017 WL 3481853 (10th Cir. Aug. 15, 2017). Thus, California voluntary manslaughter is still considered a crime of violence in the Tenth Circuit even if it may be committed with reckless intent.

Second, Petitioner is again correct that *Beckles* involved a crime of violence that was listed in the Commentary to the Guidelines. *Beckles*, 137 S. Ct. at 891. In *Beckles*, Justice Ginsburg, concurring in the judgment, would have held that the Guidelines were not vague as applied to the defendant because his crime was listed. *Id.* at 897-98 (Ginsburg, J., concurring in the judgment). But the fact that the crime was listed in the Commentary was not the determinative factor for the majority. Rather, the majority held that because the advisory Guidelines "do not fix the permissible range of sentences" and "merely guide the exercise of a court's discretion," the residual clause in § 4B1.2 is not void for vagueness. *Id.* at 892. The majority did not rest its holding on the fact that the defendant's crime was listed in the Commentary. So, although Petitioner's case is distinguishable from *Beckles*, it is ultimately a distinction without a difference.

Finally, in his Supplement, Petitioner states he wishes to supplement his Motion with points and authority and alleges he has raised an ineffective assistance of counsel

8

claim. (CV Doc. 35 at 2-3). Contrary to his assertion, Petitioner has not raised an ineffective assistance of counsel claim in either his Motion to Amend or Motion under § 2255. *See* (CV Docs. 1, 9, 26). The Court notes Petitioner has filed a different motion under § 2255 in which he alleges ineffective assistance of counsel relating to his career offender enhancement. (CR Doc. 373). Regardless, to the extent Petitioner discusses ineffective assistance of counsel, that discussion does not adequately state a claim under *Strickland v. Washington*, 466 U.S. 668 (1987). In order to state a claim for ineffective assistance of counsel, Petitioner must show counsel's deficient performance and how that deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. Petitioner did not satisfy either requirement; he only mentioned ineffective assistance of counsel and quotes cases regarding ineffective assistance, the categorical approach, and California voluntary manslaughter. (CV Doc. 35 at 2-3). The Supplement therefore does not support reconsidering the Court's prior ruling.

### III. Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to reconsideration of denial of his Motion under § 2255.

**IT IS THEREFORE ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 30), should **BE ADOPTED**. Petitioner's *Motion to Amend*, (CV Doc. 26), which the Court has construed as a motion to reconsider, will be **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

9