# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC L. JOHNSON,

    Petitioner,

           v.                            Lead Criminal Case No. 03-cr-477 MV

                                      Associated Civil Case Nos. 17-cv-675 MV-GJF
                                                            18-cv-120 MV-GJF
                                                              18-cv-574 MV-GJF
                                                              18-cv-604 MV-GJF
                                                              18-cv-708 MV-GJF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court are various motions filed by Petitioner Eric L. Johnson. The motions fall into three categories: (a) motions to amend Petitioner's previous habeas petitions pursuant to Fed. R. Civ. P. 15 ("Motion") (**Doc. 373, supplemented by Docs. 361, 366, 367, and 431**); (b) motions challenging Petitioner's conviction and/or the Court's prior 28 U.S.C. § 2255 rulings (**Docs. 375, 390, 393, 403, 408, 420, 421, 425, and 430**); and (c) miscellaneous motions to make a record; correct error; seal documents; appoint counsel, initiate an interlocutory appeal, and challenge prison conditions (**Docs. 368, 370, 372, 397, 402, 413, 418, 422, 423, 426, 427, 428, and 429**).[1] After reviewing the motions *sua sponte* under Habeas Corpus Rule 4(b), the Court must dismiss the success habeas claims for lack of jurisdiction and deny all other relief.

---

[1] All documents references are to the criminal case, 03-cr-00477.

## Background and Procedural History

On October 21, 2004, Petitioner pled guilty to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 144). The Court determined Petitioner qualified as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") based on prior convictions for crimes of violence. (Doc. 235, p. 3). The crimes in question were voluntary manslaughter and being a prisoner in possession of a weapon. U.S.S.G. §§ 4B1.1(a) and 4B1.2(a)(2). Petitioner's Guideline sentence range was 360 months to life imprisonment. (Doc. 246, p. 7, 10, 29, 32-33). He received a 180 month sentence after qualifying for a downward variance. (Doc. 246, p. 37, 40).

The Court entered Judgment on the conviction and sentence on January 26, 2009. (Doc. 224). Petitioner appealed to the Tenth Circuit, which affirmed the Judgment on May 19, 2010. (Doc. 256). Judgment on Petitioner's conviction and sentence became final no later than August 18, 2010, the first business day following the expiration of the 90-day period to seek review from the United States Supreme Court. *See United States v. Prows,* 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.").

Between 2011 and 2016, Petitioner filed five motions under 28 U.S.C. § 2255 to vacate his sentence. The first § 2255 motion was filed on January 12, 2011 and addressed ineffective assistance of counsel, prosecutorial misconduct, and Petitioner's inability to withdraw his plea. (Doc. 257). By an order entered October 17, 2012, the Court denied the first motion on the merits. Thereafter, the Tenth Circuit denied a certificate of appealability. (Doc. 278).

Petitioner filed the second § 2255 petition on November 6, 2013. (Doc. 279, 280). The

Court dismissed it as second or successive, finding that it was not in the interests of justice to transfer the matter to the Tenth Circuit. (Doc. 280, p. 3). Petitioner filed the third § 2255 motion in August of 2014, which was again dismissed for lack of jurisdiction. (Doc. 283, 284). The fourth § 2255 motion was filed and dismissed in 2015. (Doc. 293, 297). Petitioner filed the fifth § 2255 motion in 2016 and sought relief pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015). (Doc. 314). For the first time, the Tenth Circuit granted permission to file a successive petition. (Docs, 318). However, the claim ultimately failed after the Supreme Court issued *Beckles v. United States,* 137 U.S. 886 (2017), and the Court dismissed the fifth successive habeas petition. (Doc. 350). Petitioner appealed the decision and filed several additional motions with the Tenth Circuit seeking authorization to file a second or successive motion challenging his career-offender enhancement. The Tenth Circuit denied all requested relief. (Docs. 353, 384, 387, 388, 406, and 419).

On May 22, 2017, Petitioner filed the first motion to amend Petitioner's previous habeas petitions pursuant to Fed. R. Civ. P. 15. (Doc. 373, supplemented by Docs. 361, 366, 367, and 431). Thereafter, he filed a series of motions seeking relief from, or to supplement, the prior judgments (Docs. 375, 390, 393, 403, 408, 420, 421, 425, and 430) and other motions seeking miscellaneous relief (Docs. 368, 370, 372, 397, 402, 413, 418, 422, 423, 426, 427, 428, and 429). This opinion addresses all pending motions.

**Discussion**

A. Motions to Amend and for Relief from Judgment

In the motions to amend, Petitioner seeks to amend his earlier § 2255 motions pursuant to Fed. R. Civ. P. 15. (Doc. 373, p. 1-2, supplemented by Docs. 361, 366, 367, and 431). The Tenth Circuit has held that "once judgment is entered, the filing of an amended complaint is not

3

permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006). Rule 15 relief is therefore unavailable.

Construed liberally, the motions to amend or for relief from judgment may seek relief under Rule 60(b) or to raise new habeas claims in a successive petition. *See Nelson,* 465 F.3d at 1148-1149 (Courts should construe *pro se* motions to amend liberally to determine whether the petitioner seeks relief under Rule 60(b) or § 2255). In determining whether to construe the filings as successive § 2255 petitions, the Court looks to the requested relief. *Id.* at 1149. A motion is successive where the petitioner "wishes to amend his complaint to allege that his … sentence was unlawful." *Id. See also Spitznas v. Boon*e, 464 F.3d 1213, 1215 (10th Cir. 2006) ("[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, … or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone,* 464 F.3d at 1215-1216 (10th Cir. 2006).

The motions to amend amplify Petitioner's claims that his criminal counsel rendered ineffective assistance by failing to object to the career offender enhancement. (Docs. 361, 366, 367, 373, and 431). Most other filings seeking reconsideration, supplementation, or relief from the judgment allege that Petitioner's sentence—and particularly his career offender enhancement—was unlawful. *See* (Doc. 375) (alleging "ineffective assistance of counsel that resulted in [Petitioner] being illegally sentenced due to the erroneous classification of petitioner as

4

a career offender"); (Doc. 390) (seeking to "to supplement the record" "to describe how counsel … ineffectively represented defendant in case # 03-477 when counsel allowed for Mr. Johnson to be sentenced above the statutory maximum…"); (Doc. 393) (alleging "counsel Fred Jones ineffectively represented him during sentencing."); (Doc. 403) (arguing Petitioner received ineffective assistance during sentencing and that he did not have any predicate offenses for the career offender enhancement); (Doc. 408) (challenging counsel's performance and the career offender enhancement); (Doc. 420) (arguing § 2255 counsel was ineffective in challenging his career offender enhancement); (Doc. 425) (same); (Doc. 430) (same); and (Doc. 421) (challenging counsel's performance during direct criminal appeal, and in particular counsel's failure to challenge his career offender enhancement).

The Court therefore finds that Docs. 361, 366, 367, 373, 375, 390, 393, 403, 408, 420, 421, 425, 430, and 431 raise successive habeas claims. To the extent some motions (Docs. 420, 425, and 430) also challenge Todd Coberly's performance as habeas counsel, the Court finds there are no grounds for relief under Rules 59 or 60. Petitioners cannot succeed on an ineffective assistance claim against habeas counsel because there is "no federal constitutional right to counsel in collateral proceedings." *Weibley v. Kaiser*, 50 Fed. App'x 399, 403 (10th Cir. 2002). The Court will therefore deny Petitioner's request for relief under Rule 59 and Rule 60 and analyze his successive habeas claims below.

B. Petitioner's Successive Habeas Claims

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). *See also* § 2255(h) (requiring a second or successive motion to be certified by the appropriate court of appeals). When the motion is filed without authorization,

the district court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Section 2255 claims are typically time barred when they are filed more than one year after 'the date on which the judgment of conviction becomes final.'" *United States v. Mulay,* --- Fed. App'x ---, 2018 WL 985741 (10th Cir. Feb. 20, 2018) (unpublished) (quoting 28 U.S.C. § 2255(f)(1)). Where, as here, the one-year limitation has expired, a second or successive petition must generally be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's § 2255 claims all pertain to whether his counsel failed to adequately object to his career offender enhancement under Section 4B1.1 of the United States Sentencing Guidelines. In particular, Petitioner contends his prior convictions for voluntary manslaughter and being a prisoner in possession of a weapon do not qualify as "crimes of violence" for purposes of U.S.S.G. § 4B1.2(a). This argument was considered and rejected in the Order Denying Defendant's

Motion for Reconsideration or Correction of Sentence entered February 19, 2009. (Doc. 235).

The Court explained:

> [Petitioner] is considered a career offender under USSG § 4B1.1(a) because: (a) he was at least 18 years old at the time he committed the instant offense of conviction; (b) the instant offense of conviction, Possession of a Firearm During or in Relation to a Drug Trafficking Crime, is a felony that is a crime of violence or a controlled substance offense; *see* 18 U.S.C. § 924(c)(1)(A) and USSG § 4B1.1(c); and (c) he has at least two prior felony convictions for crimes of violence, namely Voluntary Manslaughter … and Prisoner in Possession/Carrying a Weapon.
>
> For purposes of the career offender enhancement, a "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."
>
> USSG § 4B1.2(a).
>
> Application Note 1 to USSG §4B1.2 expressly states "manslaughter" is a "crime of violence." Therefore, Defendant's 1995 conviction for Voluntary Manslaughter … is categorically considered a crime of violence for purposes of the career offender enhancement. The Tenth Circuit [also] holds that possession of a prohibited weapon in prison is a crime of violence for purposes of the career offender enhancement in USSG §4B1.2(a) …. *See United States v. Thomas*, 2006 U.S. App. LEXIS 14279, at *5-7 (10th Cir. June 7, 2006) (citations omitted); *see also United States v. Romero*, 122 F.3d 1334, 1340-41 (10th Cir. 1997) (holding conveying a weapon in prison is "conduct that presents a serious potential risk of physical injury to another").

(Doc. 235, p. 2-4).

More recently, the Court also researched Petitioner's weapon and manslaughter convictions to ensure they are "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(a). Petitioner was convicted of the weapon offense pursuant to Cal. Penal Code § 4502(a). That section states that prisoners in possession of a weapon are "guilty of a felony and

shall be punished by imprisonment … for two, three, or four years….." The California conviction documents also reflect that Petitioner was initially sentenced to serve eight months for the weapons charge, but the Judgment was later amended to reflect a prison term of two years. (PSR p. 10); *See also* Judgment entered November 8, 2002; Judgment entered August 26, 2004 in California Case No. BA220354. The California documents further reflect that Petitioner was convicted of voluntary manslaughter pursuant to Cal Penal Code § 192(a), which "is punishable by imprisonment … for 3, 6, or 11 years." *See also* 1996 Probation Officer's Report in Case No. TA035189. Petitioner received three years' probation for the manslaughter charge, with the condition that he serve 497 days in jail. (PSR, p. 7).

In sum, the predicate convictions were sufficient to justify the career offender enhancement because they were: (1) punishable by imprisonment for a term exceeding one year; and (2) qualifying crimes under Tenth Circuit law and USSG § 4B1.1. Thus, Petitioner's successive habeas claims attacking his career offender enhancement fail, and a transfer to the Tenth Circuit is not in the interest of justice. The motions raising successive habeas claims (Docs. 361, 366, 367, 373, 375, 390, 393, 403, 408, 420, 421, 425, 430, and 431) must be dismissed for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Petitioner failed to make substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right").

C. Other Pending Motions

Petitioner filed the following miscellaneous motions in connection with the pending habeas proceedings:

    (1) Two motions demonstrating that Petitioner contacted the National Legal

Professional Associates to assist with the case (Docs. 368 and 370);

      (2) A motion for an order to seal the § 2255 proceedings (Doc. 372);

      (3) A motion challenging a Tenth Circuit order denying his request for an interlocutory appeal (Doc. 402);

      (4) A motion asking the Court to intervene and prevent a forthcoming criminal charge in West Virginia (Doc. 413);

      (5) Two motions to appoint counsel (Docs. 422 and 423);

      (6) A motion notifying the Court that the government provided (unidentified) fraudulent information in connection with sentencing (Doc. 429); and

      (7) Five motions challenging prison conditions, including mail delays, cruel and unusual punishment, and defective dental care (Docs. 397, 418, 426, 427, and 428).

Having carefully reviewed each motion, the Court finds that Petitioner's requests for legal counsel (Docs. 368, 370, 422, and 423) are moot. Further, there are no grounds to seal Petitioner's § 2255 proceedings, as requested in Doc. 372, and the Court cannot grant relief with respect to a Tenth Circuit ruling, a criminal investigation in West Virginia, or a general allegation of government fraud, as raised in Docs. 402, 413, and 429. Docs. 368, 370, 372, 402, 413, 422, 423, and 429 will therefore be denied.

Petitioner's motions challenging prison conditions (Docs. 397, 418, 426, 427, and 428) may state a claim for a constitutional violation under the Eighth Amendment and 42 U.S.C. § 1983. For example, Petitioner alleges inmates are kept in shackles for 24 hours without access to a restroom, and that prisoners are housed with rival gang members. (Doc. 397, p. 2-4). However, Petitioner must raise any § 1983 claims in a separate civil proceeding using the Court's official form. The Court will therefore deny Docs. 397, 418, 426, 427, and 428, which were filed in the

criminal case, but direct the Clerk's Office to send Petitioner a form § 1983 complaint.

**IT IS THEREFORE ORDERED** that Petitioner's successive habeas claims raised in **Docs. 361, 366, 367, 373, 375, 390, 393, 403, 408, 420, 421, 425, 430, and 431** are **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is **DENIED**; and separate judgments will be entered in each civil case.

**IT IS FURTHER ORDERED** that to the extent those motions seek reconsideration under Rule 59 or Rule 60, such request is **DENIED.**

**IT IS FURTHER ORDERED** that all remaining motions (**Docs. 368, 370, 372, 397, 402, 413, 418, 422, 423, 426, 427, 428, and 429**) are **DENIED**, without prejudice to Petitioner refiling his § 1983 claims in a separate civil proceeding.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail to Petitioner a copy of the form § 1983 complaint along with an *in forma pauperis* application.

_____
UNITED STATES DISTRICT JUDGE