## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIC L. JOHNSON,

      Petitioner,

v.                                                        No. 03-CR-477 MV

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on pro se Petitioner Eric Lamont Johnson's ("Petitioner's") Motion to Set Aside Judgment [Doc. 448], Supplement to Motion to Set Aside Judgement [Doc. 453], Motion for Court Order [Doc. 456], and Motion for Declarative Statement [Doc. 458].   Petitioner appears to challenge the dismissal of his sixth successive 28 U.S.C. § 2255 proceeding, along with his 2004 federal firearm conviction.   He may also be challenging his conditions of confinement at the United States Penitentiary (USP) Lewisburg in Lewisburg, Pennsylvania.   After reviewing the motions, the record, the relevant law, and being otherwise fully informed, the Court finds that no relief is available in this District and the motions will therefore be **DENIED**.

## BACKGROUND

On October 21, 2004, Petitioner pled guilty to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Doc. 144.  This Court determined that he qualified as a career offender under United States Sentencing Guidelines §§ 4B1.1(a) and 4B1.2(a)(2) based on prior convictions for crimes of violence, namely voluntary manslaughter and being a prisoner in possession of a weapon.  Doc. 235 at 3.  Petitioner's

guidelines range of imprisonment was accordingly 360 months to life.   Doc. 246 at 7, 10, 29, 32–33.   The Court ultimately sentenced him to 180 months of imprisonment in the Bureau of Prisons (BOP) after varying downwards from the guidelines range.   Doc. 246 at 37, 40.

The Court entered Judgment on the conviction and sentence on January 26, 2009.   Doc. 224.   Petitioner appealed to the Tenth Circuit, which affirmed the Judgment on May 19, 2010.   Doc. 256.   Judgment on Petitioner's conviction and sentence became final no later than August 18, 2010, the first business day following the expiration of the 90-day period to seek review from the United States Supreme Court.   *See United States v. Prows,* 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.").

Between 2011 and 2016, Petitioner filed five motions under 28 U.S.C. § 2255 to vacate his sentence.   The first § 2255 motion was filed on January 12, 2011 and addressed ineffective assistance of counsel, prosecutorial misconduct, and Petitioner's inability to withdraw his plea.   Doc. 257.   By an order entered October 17, 2012, the Court denied the first motion on the merits.   Doc. 270.   Thereafter, the Tenth Circuit denied a certificate of appealability.   Doc. 278.

Petitioner filed his second § 2255 petition on November 6, 2013.   Docs. 279 and 280.   The Court dismissed it as second or successive, finding that it was not in the interests of justice to transfer the matter to the Tenth Circuit.   Doc. 280 at 3.   Petitioner filed his third § 2255 motion in August of 2014, which was again dismissed for lack of jurisdiction.   Docs. 283 and 284.   The fourth § 2255 motion was filed and dismissed in 2015.   Docs. 293 and 297.   Petitioner filed his fifth § 2255 motion in 2016 and sought relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551

(2015).   Doc. 314.   For the first time, the Tenth Circuit granted permission to file a successive petition.   Doc. 318.   However, Petitioner's claim ultimately failed after the Supreme Court issued *Beckles v. United States*, 137 U.S. 886 (2017), and the Court dismissed the fifth petition.   Doc. 350.   Petitioner appealed the decision and filed several additional motions with the Tenth Circuit seeking authorization to file a second or successive motion challenging his career-offender enhancement.   The Tenth Circuit denied all requested relief.   Docs. 353, 384, 387, 388, 406, and 419.

On May 22, 2017, Petitioner filed the first motion to amend Petitioner's previous habeas petitions pursuant to Fed. R. Civ. P. 15.   Doc. 373, supplemented by Docs. 361, 366, 367, and 431. Thereafter, he filed a series of motions seeking relief from, or to supplement, the prior judgments [Docs. 375, 390, 393, 403, 408, 420, 421, 425, and 430] and other motions seeking miscellaneous relief [Docs. 368, 370, 372, 397, 402, 413, 418, 422, 423, 426, 427, 428, and 429].   The motions primarily challenged Petitioner's designation as a career offender.   The Court addressed all pending motions in a Memorandum Opinion and Order entered August 14, 2018.   Doc. 434 (hereinafter, the "2018 Ruling").   The 2018 Ruling determined that Docs. 361, 366, 367, 373, 375, 390, 393, 403, 408, 420, 421, 425, 430, and 431 raised successive habeas claims, and dismissed those claims for lack of jurisdiction.   The Court denied the remaining motions, which sought miscellaneous relief and/or challenged Petitioner's conditions of confinement in an out-of-state facility.

To be thorough, the 2018 Ruling also explained in detail why Petitioner qualified as a career offender.   The Court explained:

> [Petitioner] is considered a career offender under USSG § 4B1.1(a) because: (a) he
> was at least 18 years old at the time he committed the instant offense of conviction; (b) the

3

instant offense of conviction, Possession of a Firearm During or in Relation to a Drug Trafficking Crime, is a felony that is a crime of violence or a controlled substance offense; *see* 18 U.S.C. § 924(c)(1)(A) and USSG § 4B1.1(c); and (c) he has at least two prior felony convictions for crimes of violence, namely Voluntary Manslaughter … and Prisoner in Possession/Carrying a Weapon.

For purposes of the career offender enhancement, a "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

USSG § 4B1.2(a).

Application Note 1 to USSG §4B1.2 expressly states "manslaughter" is a "crime of violence." Therefore, Defendant's 1995 conviction for Voluntary Manslaughter … is categorically considered a crime of violence for purposes of the career offender enhancement. The Tenth Circuit [also] holds that possession of a prohibited weapon in prison is a crime of violence for purposes of the career offender enhancement in USSG §4B1.2(a) …. *See United States v. Thomas*, 2006 U.S. App. LEXIS 14279, at \*5–7 (10th Cir. June 7, 2006) (citations omitted); *see also United States v. Romero*, 122 F.3d 1334, 1340–41 (10th Cir. 1997) (holding conveying a weapon in prison is "conduct that presents a serious potential risk of physical injury to another").

More recently, the Court also researched Petitioner's weapon and manslaughter convictions to ensure they are "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(a). Petitioner was convicted of the weapon offense pursuant to Cal. Penal Code § 4502(a). That section states that prisoners in possession of a weapon are "guilty of a felony and shall be punished by imprisonment … for two, three, or four years…." The California conviction documents also reflect that Petitioner was initially sentenced to serve eight months for the weapons charge, but the Judgment was later amended to reflect a prison term of two years. (PSR p. 10); *See also* Judgment entered November 8, 2002; Judgment entered August 26, 2004 in California Case No. BA220354. The California documents further reflect that Petitioner was convicted of voluntary manslaughter pursuant to Cal Penal Code § 192(a), which "is punishable by imprisonment … for 3, 6, or 11 years." *See also* 1996 Probation Officer's Report in Case No. TA035189. Petitioner received three years' probation for the manslaughter charge, with the condition that he serve 497 days in jail. (PSR, p. 7).

4

In sum, the predicate convictions were sufficient to justify the career offender enhancement because they were: (1) punishable by imprisonment for a term exceeding one year; and (2) qualifying crimes under Tenth Circuit law and USSG § 4B1.1. Thus, Petitioner's successive habeas claims attacking his career offender enhancement fail, and a transfer to the Tenth Circuit is not in the interest of justice.

(Doc. 434 at 7–8).

Petitioner appealed the 2018 Ruling, and the Tenth Circuit affirmed on January 19, 2019. Doc. 457. The Tenth Circuit has also advised Petitioner that "future motions for authorization concerning the same underlying conviction or sentence shall be dismissed without further notice if they contain arguments that are substantially similar to the ones this court has repeatedly rejected." Doc. 433 (citations omitted). On September 20, 2018, before the appeal was resolved, Petitioner filed the first of several motions to set aside the 2018 Ruling and/or the criminal Judgment under Rule 60(b). Docs. 448, 453, 458. About three months later, Petitioner filed a motion for an order directing the officials at his federal prison—USP Lewisburg—to allow him to use the phone. Doc. 456. The Court will address all pending motions [Docs. 448, 453, 456, and 458] below.

## DISCUSSION

### I.      Rule 60(b) Motions

As previously explained, Rule 60(b) relief is available in habeas proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in

substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, … or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.

Petitioner primarily reasserts his arguments regarding the career offender designation and contends his prior manslaughter conviction was not a crime of violence. Docs. 448, 453. He also argues plea counsel was ineffective and that the PSR was inaccurate. *Id.* Petitioner tries to recast these arguments as true Rule 60(b) challenges by arguing: (a) the Court applied the wrong test in determining he was a career offender; (b) the PSR constitutes "fraud on the court" and violates due process principles; (c) the criminal judgment is void because he is not a career offender; and (d) the Court lacked jurisdiction to enter the criminal judgment based on this inaccuracy. *Id.* All of these arguments "lead inextricably to a merits-based attack" on the underlying conviction, which constitute successive habeas claims. For the reasons set forth in the 2018 Ruling, the Court lacks jurisdiction over successive habeas claims and will not transfer such claims to the Tenth Circuit.

Alternatively, even if Petitioner's motions set forth true Rule 60(b) arguments, no relief is available. Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(b)(1)–(3). A movant may also show the judgment is void or no longer valid, or "any other reason that justifies relief" under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(4)–(6). However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends

justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).   None of the above circumstances exist in this case.   The fact that Petitioner disagrees with the Court's prior rulings does not make them void or fraudulent, nor does it impact jurisdiction.   Accordingly, there are no grounds to set aside the 2018 Ruling or the criminal Judgment, regardless of whether Petitioner asserts a successive habeas claim or a true Rule 60(b) argument.   The Court will deny all motions to set aside judgment and related supplements [Docs. 448, 453, 458].

## II.       Motion Regarding Conditions of Confinement

Petitioner also filed a motion seeking a court order allowing phone privileges at USP Lewisburg ("Lewisburg").   Doc. 456.   The motion also raises various claims regarding his conditions of confinement at Lewisburg.   *Id.*   Petitioner alleges, for example, that Lewisburg officials placed him in shackles, implanted an audio device in his tooth, threatened him, and made him fight with other inmates.   Lewisburg is located in Union County, in the Middle District of Pennsylvania.   *See* 28 U.S.C. § 118(b) (the Middle District includes Union County and Lewisburg).   Petitioner does not allege any defendant resides in New Mexico or that any events giving rise to the claim occurred in this state.   Therefore, venue is plainly improper with respect to conditions of confinement claims.   *See* 28 U.S.C. § 1391(b); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (district courts may "consider … venue sua sponte" when the jurisdictional defects are obvious from the face of a filing).

The Court will accordingly deny the Motion for Court Order [Doc. 456] without prejudice to refiling the claims in the Middle District of Pennsylvania.   If Petitioner wishes to refile his conditions of confinement claims in the proper venue, he should mail a 42 U.S.C. § 1983 complaint

7

to the following address:

> U.S. District Courthouse
> The Federal Building
> Suite 218
> Williamsport, PA 17701

The Clerk's Office will mail Petitioner a form 42 U.S.C. § 1983 complaint for use in that case. However, the Court reiterates that Petitioner must file his § 1983 complaint in the Middle District of Pennsylvania, where the alleged wrongdoing occurred.

## CONCLUSION

For the reasons set forth above, Petitioner's motions to set aside judgment [Docs. 448, 453, 458] are hereby **DENIED**.  To the extent those motions raise successive habeas claims, such claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and a certificate of appealability is denied.   To the extent those motions raise true Rule 60(b) arguments, no relief is available.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Court Order [Doc. 456] is **DENIED WITHOUT PREJUDICE** to refiling a conditions-of-confinement claim in the Middle District of Pennsylvania.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail to Petitioner a copy of the form § 1983 complaint along with an *in forma pauperis* application.

Dated this 23rd day of December, 2020.


_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE